Spalding, J.
The mortgage from Clements to Wilson was executed on March 12, 1851, and was deposited in the office of the recorder of the county on the 20th of the same month, a period of seven days having intervened.
The court below charged the jury that the mortgage was void, because of this lapse of time between the execution and deposit of the instrument. In this we think the coui’t erred. The statute of Ohio, of February 24, 1846, provides “that every mortgage or conveyance intended to operate as a mortgage of goods and chattels, hereafter made, which shall not be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void, as against the creditors of the mortgagor, *and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, or a true copy thereof, shall be forthwith deposited as directed in the succeeding section of this act.”
A fair construction of this statute will not make the instrument inoperative as botween the parties (mortgagor and mortgagee), although it be not forthwith deposited with the recorder. It will not be permitted to stand in the way of an execution issued at the-instance of a judgment credited', until after it shall have been deposited in the proper office. And in certain cases, undoubtedly, an. execution may hold the chattels mortgaged, even after the instrument has been placed on file in the office; as where the delay has been so great as to taint the transaction with fraud.
But the mere fact that the mortgagee omitted, for several days- or several weeks, to deposit his mortgage deed with the clerk of the township or recorder of the county, as the case might require, would by, no means render his security void. It would not be void as against the mortgagor, if not filed in the office at all. It would not be void as against that class of creditors who were equally remiss with the mortgagee, and took no steps to fasten upon the property for the payment of their debts. Until placed in the proper office, a mortgage of chattels, in our state, would be void as against other creditors of the mortgagor and subsequent *142 purchasers and mortgagees, whose rights then attach. But when filed with the clerk or recorder, the instrument becomes valid and effective against all men except those whose rights have thus previously attached.
The court below charged the jury that the levy made while the mortgage was temporarily out of the recorder’s office, would hold the property, notwithstanding notice to the attorney, unless the jury were satisfied that the attorney assented to its being out. There is great and manifest error in this ruling of the court. The facts, as disclosed by the bill of exceptions, were as follows:
The attorney who had been consulted by Wilson, in the matter *of securing his debt by means of this mortgage, had in his hands for collection a claim in favor of Kennett, McKee & Co., against Clements, with a warrant of attorney to confess judgment.
On Tuesday, April 1, 1851, and on the first day of the term of the court of common pleas, at about ten o’clock a. m., Wilson took his mortgage from the office of the recorder, where it had been deposited since the 20th of March, to the court-room, in the same building, for the purpose of consulting this same attorney as to the propriety of striking out one of the horses mentioned in the instrument, which had become diseased, and inserting a certain bay mare in lieu thereof. The attorney advised that it might be done, with the assent of Clements, and while Wilson was absent procuring this amendment to be made, his legal adviser “ deemed it his duty” to take judgment in favor of Kennett, McKee & Co., and forthwith to take out execution, and have the same levied on a portion of the property which he knew was covered by the mortgage. At four o’clock in the afternoon, the mortgage was taken back to the office of the recorder, but “ it was too late.” The trap had been sprung.
To designate this as sharp practice on the part of the attornoy) will be treating his conduct with sufficient delicacy. To hold that a levy obtained through such instrumentality, should override a bona fide mortgage, would be preposterous. The court of common pleas ought not to sanction snch an abuse of its process.
The temporary withdrawal of the paper could not impair its force, if done with intent to return it. In contemplation of law, it was -“on file in the office,” although out of the recorder’s room. *143 The assent of the attorney to its withdrawal was quite immaterial.
The judgment of the court of common pleas is reversed, with costs.